**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | |
|---|---|
| JANICE GILCHRIST, ) | |
| ) | No. 1:14-cv-02196-DCN |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| CAROLYN W. COLVIN, *Acting* ) | |
| *Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on Magistrate Judge Shiva V. Hodges's Report and Recommendation ("R&R") that this court reverse Acting Commissioner of Social Security Carolyn Colvin's ("Commissioner") decision denying plaintiff Janice Gilchrist's ("Gilchrist") application for disability insurance benefits ("DIB") and remand for further proceedings. The Commissioner filed objections to the R&R. For the reasons set forth below, the court accepts the R&R and remands the Commissioner's decision.

## I.  BACKGROUND

Unless otherwise noted, the following background is drawn from the R&R.

### A.  Procedural History

Gilchrist filed an application for DIB on October 19, 2010, alleging disability beginning on July 18, 2009.[1] The Social Security Agency denied Gilchrist's claim initially and on reconsideration. Gilchrist requested a hearing before an administrative law judge ("ALJ"), and ALJ Tracy Daly held a hearing on October 12, 2012. The ALJ issued a decision on December 4, 2012 finding that Gilchrist was not disabled under the

---

[1]  Plaintiff subsequently filed a motion to amend her alleged onset date to June 18, 2010, which the ALJ granted during the hearing. Tr. at 31.

1

Social Security Act. Gilchrist requested Appeals Council review of the ALJ's decision. The Appeals Council declined to review the decision, rendering the ALJ's decision the final action of the Commissioner.

On June 5, 2014 Gilchrist filed this action seeking review of the ALJ's decision. The magistrate judge issued an R&R on August 5, 2015 recommending that this court reverse the ALJ's decision and remand for further proceedings. The Commissioner filed objections to the R&R on August 12, 2015, to which Gilchrist did not reply. The matter is now ripe for the court's review.

### B.     Medical History

Because Gilchrist's medical history is not relevant to the disposition of this case, the court dispenses with a lengthy recitation thereof and instead notes a few relevant facts. Gilchrist was born on June 18, 1960 and was 50 years old on the alleged onset date. She completed the ninth grade and has twenty-four years of past relevant work experience as a yarn inspector and as a twister attendant.

### C.     ALJ's Decision

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. The Social Security regulations establish a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. Under this process, the ALJ must determine whether the claimant: (1) is currently engaged in substantial gainful activity; (2) has a severe

impairment; (3) has an impairment which equals an illness contained in 20 C.F.R. § 404, Subpt. P, App'x 1, which warrants a finding of disability without considering vocational factors; (4) if not, whether the claimant has an impairment which prevents him or her from performing past relevant work; and (5) if so, whether the claimant is able to perform other work considering both his or her remaining physical and mental capacities (defined by his or her residual functional capacity) and his or her vocational capabilities (age, education, and past work experience) to adjust to a new job. See 20 C.F.R. § 404.1520; Hall v. Harris, 658 F.2d 260, 264–65 (4th Cir. 1981). The applicant bears the burden of proof during the first four steps of the inquiry, while the burden shifts to the Commissioner for the final step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)).

The ALJ employed the statutorily required, five-step, sequential-evaluation process to determine whether Gilchrist was disabled from June 18, 2010 through December 31, 2014, her date last insured. The ALJ first determined that Gilchrist had not engaged in substantial gainful activity during the relevant time period. Tr. 10. At step two, the ALJ found that Gilchrist suffered from the following severe impairment: arthritis. Id. At step three, the ALJ determined that Gilchrist's impairment did not meet or equal one of the listed impairments in the Agency's Listing of Impairments ("the Listings"). Tr. 11; see 20 C.F.R. Part 404, Subpt. P, App'x 1. Before reaching the fourth step, the ALJ determined that Gilchrist had the residual functional capacity ("RFC") to perform light work, as defined by 20 C.F.R. §404.1567(b). Tr. 13. However, the ALJ determined that Gilchrist was unable to crawl, was able to climb ramps or stairs occasionally, was limited to work in a low stress job, must be able to alternate between

sitting or standing positions throughout the day without leaving the workstation, must avoid moderate exposure to irritants and chemicals, and must avoid all exposure to hazards, machinery, and unprotected heights. Id. At step four, the ALJ found that Gilchrist was unable to perform any past relevant work. Tr. 18. At step five, the ALJ found that Gilchrist was able to perform jobs that exist in significant numbers in the national economy. Id. The ALJ thus found that Gilchrist was not disabled. Tr. 19.

## II.  STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270–71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id. Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is

disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citation omitted).

## III.   DISCUSSION

The Commissioner objects to the R&R on two grounds, arguing the magistrate judge erred in: (1) finding that the ALJ did not sufficiently explain the bases for rejecting Dr. Jennings's October 2, 2012 medical source statement that Gilchrist was limited to sedentary work; and (2) finding that the September 25, 2012 physical work performance evaluation should be considered on remand.

### A.    Dr. Jennings's Medical Opinion

The magistrate judge first recommends that the court find that the ALJ did not meet his burden to explain his conclusions regarding Dr. Jennings's medical opinion and his assessment of an RFC to perform light work. R&R 21. The magistrate judge found that the ALJ summarily explained his decision to accord little weight to Dr. Jennings's opinion and neglected to explain why neither Dr. Jennings's treatment records nor the record as a whole supported Dr. Jennings's proposed limitations. Id. The magistrate judge further found that the ALJ failed to reconcile the RFC he assessed for light work with evidence in the record that arguably supported the RFC Dr. Jennings assessed for sedentary work. R&R 22. The Commissioner objects to the magistrate judge's recommendation, arguing that the medical evidence cited by the ALJ supports her analysis of Dr. Jennings's opinion and that the ALJ's decision should be read as a whole. Comm. Objections 4.

A claimant's "residual functional capacity is the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.2545 (Aug. 24, 2012). In her decision, the ALJ found

that Gilchrist retained the ability to do light work as defined in 20 C.F.R. §§ 404.1567(b) in that:

> [T]he claimant can lift and carry up to twenty pounds occasionally and ten pounds frequently. She can stand or walk for approximately 6 hours of an 8-hour work day and sit for approximately 6 hours of an 8-hour work day with normal breaks. The claimant is able to frequently balance, stoop, kneel, crouch, and crawl. The claimant is able to occasionally climb ramps or stairs but she is unable to crawl [sic]. The claimant must be unable to alternate sitting or standing positions throughout the day without leaving the workstation. The claimant must avoid moderate exposure to irritants and chemicals, and to avoid all exposure to hazards, machinery, and unprotected heights. The claimant is limited to work in a low stress job, defined as having no fixed production quotas, no hazardous conditions, and requires only occasional decision making and changes in the work setting.

Tr. 13. As noted above, the ALJ's decision must be supported by substantial evidence. Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Hays, 907 F.2d at 1456.

SSA regulations require that all medical opinions in a case be considered. 20 C.F.R. § 404.1527(b). Medical opinions are evaluated pursuant to the following non-exclusive list:

> (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist.

Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005). In general, more weight is given to the opinion of a "source who has examined [a claimant] than to the opinion of a source who has not," 20 C.F.R. § 404.1527(c)(1), but "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590. The ALJ must also give

specific reasons for the weight given to a treating physician's medical opinion.  See SSR 96-2p, 1996 WL 374188 (July 2, 1996).

The ALJ is also obligated to explain her findings and conclusions on all material issues of fact, law, or discretion presented.  5 U.S.C. § 557(c)(3)(A) (2012).  "Strict adherence to this statutorily-imposed obligation is critical to the appellate review process," and courts have remanded cases where the reasoning for the ALJ's conclusion "is lacking and therefore presents inadequate information to accommodate a thorough review."  See v. Wash. Metro. Area Transit Auth., 36 F.3d 375, 384 (4th Cir. 1994) (internal citation omitted).  While an ALJ need not set forth her findings in a particular format, see Stephens v. Heckler, 766 F.2d 284, 287–88 (7th Cir. 1985), a reviewing court cannot determine if findings are supported by substantial evidence unless the ALJ explicitly indicates the weight given to all of the relevant evidence.  Gordon v. Schweiker, 725 F.2d 231, 235–36 (4th Cir. 1984).  "Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record."  Arnold v. Sec'y of Health, Ed. & Welfare, 567 F.2d 258, 259 (4th Cir. 1977).  If the ALJ chooses to discredit the report of the treating physician, he must fully articulate the reasons for doing so.  DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983).

As the magistrate judge recognized, the ALJ only summarily explained her decision to accord little weight to Dr. Jennings's opinion.  R&R 21.  The court agrees with the magistrate judge that the ALJ failed to comply with the requirements of 20 C.F.R. § 404.1527(c)(2) and SSR 96-2p.  The ALJ found that Dr. Jennings's opinion was

not supported by her own treatment records or the record as a whole, but failed to explain why neither Dr. Jennings's treatment records nor the record as a whole supported the assessed limitations.

The magistrate judge further found that the ALJ failed to reconcile the assigned RFC for light work with evidence in the record that arguably supports the RFC Dr. Jennings assessed for sedentary work. R&R 22. The court agrees with the magistrate judge. Specifically, one of Dr. Richardson's physical examinations demonstrated that Gilchrist had limited ROM throughout her spine and extremities. Tr. at 631–32, 634. The ALJ did not explain how Dr. Richardson's findings were more consistent with an RFC for light rather than sedentary work. Further, the ALJ failed to consider Dr. Jennings's observations that indicated Gilchrist's tenderness in her spine, reduced ROM, and a possible diagnosis of fibromyalgia. Tr. at 768, 771. Importantly, in her RFC finding, the ALJ stated that Gilchrist was able to frequently crawl in one sentence, and was unable to crawl in the sentence immediately thereafter. See Tr. 13. Lastly, the ALJ failed to address indications from Dr. Whitley and Dr. Steinert's consultative examination notes that Gilchrist's exertional abilities were further limited.

Without further discussion of why Dr. Jennings's opinion is inconsistent with the balance of the record, the court cannot say that the ALJ's opinion is supported by substantial evidence. See Arnold, 567 F.2d at 259 ("Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record.").

Therefore, the Commissioner's first objection fails.

### B.     New Evidence

The magistrate judge found that because a remand was proper, the ALJ should also consider the physical work capacity evaluation dated September 25, 2012 that Gilchrist submitted to the court with her brief.  R&R 24.  The Commissioner objects to the magistrate judge's recommendation, arguing that the magistrate judge did not discuss or consider whether Gilchrist satisfied the statutory standard pertaining to the introduction of new evidence.  Comm'r's Objections 5.  The Commission argues that Gilchrist failed to demonstrate that the evidence was new or that she had good cause for not submitting it before the ALJ issued her decision.  Id.

Gilchrist submitted a physical work capacity evaluation report with her brief to the court, dated September 25, 2012, nine days prior to the hearing before the ALJ.  ECF No. 23, Ex. 1, at 1.  The evaluation concluded that her level of work fell within the sedentary range.  Specifically, the evaluation indicated that Gilchrist could exert up to 10 pounds of force occasionally and a negligible amount of force frequently to lift, carry, push, pull, or otherwise move objects and was capable of sitting most of the time, but may walk or stand for only brief periods of time.  Id.  The evaluation further indicated that Gilchrist could tolerate the sedentary work level for an eight-hour day and 40-hour week and noted that Gilchrist engaged in self-limited behavior on 13% of the 16 tasks, which was deemed to be within normal limits.  Id.  In her brief to the court, Gilchrist submits that although the evaluation occurred on September 25, 2012, before the hearing before the ALJ, the report was not prepared until October 7, 2012, 3 days after the hearing.  Pl.'s Br. 6.  In the brief, Jeanne Harrison ("Harrison"), Gilchrist's attorney, states that Gilchrist is no longer represented by the former attorney that briefed the matter

to the Appeals Council. Id. at 7. Harrison states that in preparation for this finding, she discovered the evidence. Id.

Pursuant to sentence six of 42 U.S.C. § 405(g), the court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." Under Borders v. Heckler, 777 F.2d 954, 955(4th Cir. 1985), additional evidence must be "relevant to the determination of disability at the time the application was first filed and not merely cumulative;" "material to the extent that the Secretary's decision 'might reasonably have been different' had the new evidence been before her;" "[t]here must be good cause for the claimant's failure to submit the evidence when the claim was before the Secretary"; and "the claimant must present to the remanding court 'at least a general showing of the nature' of the new evidence ." Id. There is some question in this circuit whether the four factor test applied in Borders has been superseded by the revised version of Section 405(g) cited above. In Wilkins v. Sec'y of Dep't of Health & Human Servs., 925 F.2d 769, 774 (4th Cir. 1991), vacated en banc on other grounds, 953 F.2d 93, the court suggested in a parenthetical that Borders had been superseded by statute. However, Borders has not been overruled, and the Supreme Court cited the case in Sullivan v. Finkelstein, 496 U.S. 617 (1990) and did not suggest that the Borders factors are not properly considered. Further, courts within this district continue to use the test outlined above. See, e.g., Wallace v. Comm'r of Soc. Sec., No. 8:10-cv-1031, 2011 WL 4435793, at *4 (D.S.C. Sept. 23, 2011).

The physical work capacity evaluation is new evidence that was not available at the time of the hearing before the ALJ. New evidence is "material" if there is a "reasonable possibility that the new evidence would have changed the outcome." Wilkins, 953 F.2d at 95. The evaluation could have been material to the ALJ's decision since this evidence is relevant to a determination of Gilchrist's physical capacity. The evidence is also relevant to the determination of Gilchrist's RFC and could demonstrate that Gilchrist's physical capacity was further limited beyond light work. The court finds that because the evaluation found that Gilchrist's physical capacity fell within the sedentary range, the evidence is material because the ALJ's determination that Gilchrist could perform light work could have been different. Further, while the Commission argues that the magistrate judge did not determine whether the evidence was new or whether Gilchrist established good cause, the Commissioner does not seem the challenge the materiality of the evidence.

The court must next address whether Gilchrist has shown good cause for failing to timely submit the report to the Commissioner. Courts have held that the Social Security Act has a remedial purpose and that the term "good cause" should be construed liberally. See Goff v. Harris, 502 F.Supp. 1086, 1089 (E.D. Va. 1980). "Accordingly, the party seeking to have the case remanded is only required to make a general showing of the nature of the evidence he seeks to submit at the administrative proceeding." Id. (citing King v. Califano, 599 F.2d 597 (4th Cir. 1979)). "Nevertheless, when a claimant seeks to have a case remanded to the Secretary for 'good cause,' he bears the burden of showing that the newly discovered evidence bears directly and substantially on the issues decided, that it is not merely cumulative, and that it has a reasonable chance of altering the

decision of the Secretary." Goff, 502 F.Supp. at 1089–1090.  Here, there was good cause for failing to submit the evidence sooner in that the evaluation was submitted within a reasonable time after it was received by counsel.  Further, Gilchrist's current attorney contends that she did not represent Gilchrist on appeal and therefore cannot account for her former attorney's failure to submit the evidence prior to the briefing before this court. Under the circumstances of this case, the good cause standard has been met under the lenient threshold required in Social Security cases.  Therefore, the Court believes that the reports are new, material evidence that should be considered by the Commissioner on remand.

### C.     Work History in Credibility Determination

The court further directs the ALJ to consider Gilchrist's work history in making a credibility determination.  Determining whether an individual is disabled by pain or other symptoms is a two-step process.  First, an ALJ must determine whether a claimant has an underlying impairment that has been established by objective medical evidence and that would reasonably be expected to cause subjective complaints of the severity and persistence alleged. See 20 C.F.R. §§ 404.1529(b), 416.929(b); SSR 96–7p; Craig, 76 F.3d 585, 591-96 (4th Cir. 1996) (discussing the regulation-based two-part test for evaluating pain).  The first part of the test "does not . . . entail a determination of the intensity, persistence, or functionally limiting effect of the claimant's asserted pain." Craig, 76 F.3d at 594 (internal quotation omitted).

Second, and only after claimant has satisfied the threshold inquiry, the ALJ is to evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work." Id. at 595.  This second step requires the ALJ to consider the

record as a whole, including both objective and subjective evidence, and a claimant's "statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence." SSR 96-7p. "Assessment of the credibility of an individual's statements about pain or other symptoms and about the effect the symptoms have on his or her ability to function must be based on a consideration of all of the evidence in the case record," including a claimant's "prior work record." Id. (emphasis added); see also 20 C.F.R. § 404.1529 (stating that the SSA "will consider all of the evidence presented, including information about your prior work record," in evaluating the intensity and persistence of claimant's symptoms).

      This court has reversed and remanded cases where ALJs did not consider plaintiffs' work histories of twenty-two, twenty, and thirty years respectively, see Spissinger v. Colvin, No. 5:12-cv-03454, 2014 WL 4955257 (D.S.C. Sept. 29, 2014); Gregorie v. Colvin, No. 6:12-cv-03275, 2014 WL 3909175 (D.S.C. Aug. 11, 2014); Osgood v. Astrue, No. 2:08-cv-3386, 2010 WL 737839 (D.S.C. Mar. 2, 2010), and another court in this district has indicated a similar rule in dicta, see Ocean v. Colvin, 0:13-cv-3615, 2014 WL 6879073 at *5 n.3 (D.S.C. Dec. 4, 2014) (incorporating by reference magistrate's R&R that listed "potential errors" of ALJ's decision, including failure to consider plaintiff's thirty-five year work history when evaluating his credibility).[2]

---

[2] That same court held otherwise more recently in Nathans v. Colvin, 5:14-cv-03859, 2016 WL 403059 (D.S.C. Feb. 3, 2016), stating that plaintiff's work history was significantly shorter than those of the plaintiffs in Gregorie, Osgood, and Spissinger;

In this case, the ALJ, after finding that Gilchrist's medically determinable impairments could reasonably be expected to cause the pain symptoms, found that Gilchrist's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not credible . . . ." Tr. 16.  However, the ALJ failed to mention Gilchrist's more than twenty year work record as a twister attendant when considering her credibility.  Id.; see Tr. 35–36, 38 (Gilchrist testifying that she worked as yarn inspector for nineteen months and as twister attendant for twenty-two years); Tr. 166 (computational yearly earnings showing wages earned continuously from 1984 to 2009).  Because SSR 96-7p and 20 C.F.R. § 404.1529 require the ALJ at least to consider a good work record in his credibility determination, the court directs the ALJ to consider Gilchrist's work history in making a credibility determination on remand.  See Osgood, 2010 WL 737839 (remanding case because ALJ failed to mention plaintiff's work history when evaluating her credibility).

---

however, the R&R in Nathans stated plaintiff's work history as follows:  two jobs lasting twelve years total in the fifteen years before alleged onset of disability, and steady income (except for one year) for at least twenty years before his disability claim.

## IV.   CONCLUSION

Based on the foregoing, the court **ADOPTS** the magistrate judge's R&R, **REVERSES** the Commissioner's decision, and **REMANDS** the case for further administrative proceedings.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 28, 2016**
**Charleston, South Carolina**